Filed 4/3/25  P. v. Vallez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>THOMAS EDWARD VALLEZ,<br><br>    Defendant and Appellant. | F087266<br><br>(Super. Ct. No. F23905681)<br><br>**OPINION** |

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

Appellant Thomas Edward Vallez was convicted by jury of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2); count 1) and two counts each of being a felon in possession of a firearm (§ 29800, subd. (a)(1); counts 2 & 5) and of ammunition (§ 30305, subd. (a)(1); counts 4 & 6). Additionally, the jury found that appellant personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)) during the commission of count 1. The trial court sentenced appellant to the upper term of imprisonment of four years as to count 1, the upper term of 10 years for the firearm enhancement, a term of three years for the great bodily injury enhancement, and stayed punishment (§ 654) or imposed concurrent terms on the remaining counts, for a total determinate term of 17 years.

Appellant appeals from the judgment of his conviction, arguing that the trial court erred by failing to consider section 1385, subdivision (c) authorizing the court to dismiss one of the enhancements and requiring it to give great weight to the fact that multiple enhancements were alleged in his case. (§ 1385, subd. (c)(2)(B).)

Finding no error, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2023, appellant was involved in a road rage incident with Randy Lewis, during which Lewis's vehicle almost hit appellant's. Lewis and appellant both pulled into a parking lot, and Lewis approached appellant's vehicle on foot, at which point appellant shot a firearm at Lewis from his vehicle. Lewis suffered gunshot wounds to his hand and thigh.

A couple of weeks later, while serving a search warrant at appellant's residence, law enforcement located a stolen firearm and ammunition.

Appellant admitted to suffering three prior felony convictions: a 2022 conviction for being a felon in possession of a firearm (§ 29800, subd. (a)(1)); a 2020 conviction for

---

[1]     All further undesignated statutory references are to the Penal Code.

2.

being a felon in possession of a firearm (§ 29800, subd. (a)(1)); and a 2020 conviction for possessing a firearm on school grounds (§ 626.9(b)). The parties entered into a stipulation that was read to the jury that appellant suffered three prior felony convictions without stating the nature of the offenses.

Following the jury's return of the guilty verdicts, the court conducted a bifurcated court trial on aggravating circumstances, namely that appellant's prior convictions were numerous or of increasing seriousness (California Rules of Court,[2] rule 4.421(b)(2)) and that appellant had served a prior prison term (rule 4.421(b)(3)). The court received into evidence a "969b packet" reflecting the three prior convictions appellant admitted at trial. The court found the allegations of aggravating circumstances true beyond a reasonable doubt. With regard to whether appellant's convictions were numerous or of increasing seriousness, the court noted appellant's priors were all firearm related and "we now have an elevation to violence in using these firearms." The court also noted that the current offenses were "at least … the fourth conviction, fifth conviction, sixth conviction, seventh conviction, and eighth conviction for [appellant]." Accordingly, the court found the convictions were both numerous and increasing in seriousness.

At sentencing, appellant's counsel requested the trial court to impose the low term of imprisonment and to "stay the gun enhancement." Appellant argued the base offense—assault with a firearm—"already encompasses possession of the firearm and use of the firearm." The prosecutor argued the court should take probation's recommendation and impose the upper term of imprisonment, noting appellant's multiple gun possession charges had escalated to a spur-of-the-moment act of violence resulting from road rage. Appellant's counsel replied that appellant's behavior was a "period of aberration" and again noted the firearm enhancement was "already encompassed in the base term."

---

[2]     All further rule references are to the California Rules of Court.

In ruling, the trial court noted it "fundamentally disagree[d]" with appellant's counsel's characterization of appellant's behavior as an "aberration." The court went on to state appellant "continues to possess firearms knowing that he should not do that and it's culminated into somebody being shot." The court noted appellant's "history of being in violation with the law, more specifically with firearms and now graduating to violence, belies his suggestion that he's not a violent person. He is." The court further noted it was "an aggravating case" and that given appellant had been to prison multiple times, he "has not learned his lesson." For those reasons, the court denied probation. The court went on to state it was electing under section 654 to impose count 1 as the base term "given it is commensurate with his culpability in this case."

The trial court imposed the upper term of four years for count 1, plus a term of three years for the great bodily injury enhancement, plus the upper term of 10 years for the firearm enhancement, for a total prison term of 17 years. The court noted it disagreed with appellant's counsel that the firearm enhancement was included in the base offense because "it's quite possible to assault someone without personally using a firearm, [and] of course there's aiding and abetting." The court went on to explain, "The Legislature was full and well aware that people who personally possess firearms and personally use those firearms should be penalized more, more the allegation should be considered by the Court. And the Court does do that and imposes it for that reason." The court imposed and stayed the upper terms of imprisonment for counts 2 and 4 pursuant to section 654 and imposed concurrent terms for counts 5 and 6, noting it was also considering as an aggravating circumstance that it could have imposed consecutive terms for those counts but instead elected to impose concurrent terms.

## DISCUSSION

### *Relevant Legal Principles*

Section 1385 provides that "[t]he judge … may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an

4.

action to be dismissed." (*Id*., subd. (a).)  If the court has authority pursuant to section 1385, subdivision (a) to strike or dismiss an enhancement, it "may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."  (*Id*., subd. (b)(1).)

Section 1385, subdivision (c)(1) further provides that a court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (*Ibid*.)  In determining whether dismissal of an enhancement is in the furtherance of justice, the court "shall consider and afford great weight to evidence offered by the defendant to prove that any of the [statutorily enumerated] mitigating circumstances … are present."  (*Id*., subd. (c)(2).)  "Proof of the presence of [any of the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (*Ibid*.)  " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (*Ibid*.)  As relevant here, one of the enumerated mitigating circumstances is "[m]ultiple enhancements are alleged in a single case," in which instance, "all enhancements beyond a single enhancement shall be dismissed."  (*Id*., subd. (c)(2)(B).)

Relevant to appellant's claims, the California Supreme Court has recently explained that in "[l]ooking at subparagrah (2) of subdivision (c) sequentially, it is clear that the structure does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion' [citation].  Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of

5.

justice" inquiry.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.)[3]  The trial court retains the discretion to impose or dismiss enhancements in the absence of a finding that dismissal would endanger public safety so long as it "assigns significant value to the enumerated mitigating circumstances when they are present." (*Id*. at p. 1029.)  "In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid*.)[4]

***Standard of Review***

We review the trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  " '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376–377 (*Carmony*).)  Appellant bears the burden to "affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

---

[3]  As Justice Corrigan clarified in her concurring opinion, these factors include " ' "the defendant's background, character, and prospects," ' " and " 'consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing….' [citing *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097]." (*People v. Walker* (2024) 16 Cal.5th 1024, 1039 (conc. opn. of Corrigan, J.).)

[4]  In his reply brief, appellant downplays the effect of *Walker* on his arguments, insisting the issue before this court is that the trial court failed to exercise its discretion, not that it abused its discretion by making an unreasonable determination not to dismiss an enhancement.  However, we find the *Walker* holding relevant to appellant's claims because it belies the suggestion he makes throughout briefing that the court was required to make a finding dismissing an enhancement would endanger public safety before imposing both enhancements.

*Analysis*

Appellant contends the trial court abused its discretion by failing to consider striking one of the enhancements and that the matter must be remanded for further proceedings for the court to "exercise its discretion and determine whether either of the enhancements should be, or should have been dismissed" under section 1385, subdivision (c)(2)(B). (Capitalization omitted.) For the reasons we explain, we reject appellant's contentions.

### *Appellant Has Not Demonstrated Error*

As a threshold matter, we reject appellant's repeated characterization that the trial court failed to consider section 1385 or in any way failed to exercise any sentencing discretion. While neither the court nor the parties cited section 1385, subdivision (c)(2)(B) on the record at sentencing, appellant's claim that the court erred by failing to consider it is not supported by the record, the applicable law, or principles of appellate review.

In reviewing appellant's claim, we presume the trial court followed the law (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398); the court acted to achieve legitimate sentencing objectives (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977–978); and the court considered all relevant sentencing factors unless the record affirmatively indicates otherwise (rule 4.409). Additionally, "when a lower court has made no specific findings of fact, it is presumed that the court made such implied findings as will support the judgment." (*Hall v. Municipal Court* (1974) 10 Cal.3d 641, 643; see *People v. Kelly* (2018) 28 Cal.App.5th 886, 904 ["When there is no 'explicit ruling by the trial court at sentencing, we infer that the court made the finding appropriate to the sentence it imposed ….' "].) "[R]emand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)

Here, the relevant changes to section 1385 were made effective on January 1, 2022, by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), almost two years before appellant's sentencing in this case on November 27, 2023. Moreover, the probation report cited the relevant portion of section 1385, subdivision (c) and listed "Multiple enhancements are alleged in a single case" as a circumstance in mitigation.

Applying the above principles and facts, we presume the trial court was aware of its authorization to dismiss enhancements and the statutory guidelines it was required to follow in applying section 1385 to determining whether to dismiss enhancements. Section 1385, subdivision (c) requires a court to dismiss an enhancement when it is in the furtherance of justice to do so, and further requires it to give great weight to any present enumerated mitigating circumstances unless it makes a finding dismissing an enhancement would endanger public safety. Accordingly, because the court imposed both enhancements alleged in the present case, we presume the court impliedly made findings that dismissing an enhancement was not in the furtherance of justice and/or that doing so would endanger public safety.

Appellant does not point to any part of the record that supports his contention that the trial court failed to consider section 1385 except the fact that the court did not refer to the statute during sentencing. However, appellant has not cited any authority which requires the court to place its reasons for not striking an enhancement on the record, and we have not found any. To the contrary, section 1385 requires a court to state the "reasons for the *dismissal* … orally on the record" as well as "in an order entered upon the minutes if requested by either party." (§ 1385, subd. (a), italics added.) It contains no similar requirement for when a court decides *not* to dismiss an enhancement (see § 1385, subdivision (c)), which further supports that the court is not required to. (See *People v. Roach* (2016) 247 Cal.App.4th 178, 184 [" 'An intention to legislate by implication is not to be presumed. [Citation.] In construing a statute, we do not insert words into it as this would "violate the cardinal rule that courts may not add provisions to a statute." ' "]; *Yoo*

*v. Shewry* (2010) 186 Cal.App.4th 131, 146 [" ' " '[W]hen the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' " ' "]; see also *In re Coley* (2012) 55 Cal.4th 524, 1278.)

Because appellant frames his issue solely as one of the trial court's failure to exercise discretion, he does not make any cogent substantive arguments with citations to the record that failure to dismiss an enhancement in the present case was an abuse of discretion. As such, appellant has failed to establish that the court imposing both enhancements was so irrational or arbitrary that no reasonable person could agree with it.

To the extent appellant is arguing the trial court was required to expressly raise section 1385 at sentencing or place its reason for declining to dismiss one of the enhancements on the record, we conclude appellant's claim is forfeited by failure to request such a statement below. " '[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' [Citation.] 'Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.) Under section 1385, while a defendant "ha[s] the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading,' " "any failure on the part of a defendant to invite the court to dismiss under section 1385 … waives or forfeits his … right to raise the issue on appeal." (*Carmony*, *supra*, 33 Cal.4th at pp. 375–376.)[5]

---

[5]     Recognizing we might find appellant's claims forfeited, appellant asserts the court's "failure to conduct the required analysis under section 1385 resulted in an unauthorized sentence which violated appellant's due process rights." (Some capitalization omitted.) For the reasons we have stated in the body of the opinion, appellant has not established the trial court failed to conduct any analysis required under section 1385. As such, we reject his assertion his due process rights were violated for failure to exercise discretion.

***Appellant Has Not Demonstrated Ineffective Assistance of Counsel***

In anticipation of our finding his claim forfeited, appellant contends his counsel tendered ineffective assistance by failing to invite the trial court to dismiss an enhancement. We conclude appellant has not established ineffective assistance of counsel on this appellate record.

"A defendant seeking relief on the basis of ineffective assistance of counsel must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Price* (1991) 1 Cal.4th 324, 386.) In demonstrating prejudice, the defendant "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.)

---

As for his claim the court imposed an "unauthorized sentence," we reject this characterization. "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' [Citation.] It applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " (*People v. Anderson* (2020) 9 Cal.5th 946, 962.) Appellant has not established the court imposed an "unauthorized sentence," and the cases appellant cites to support his claim—*People v. Anderson* (2023) 88 Cal.App.5th 233 and *People v. Mazur* (2023) 97 Cal.App.5th 438—undermine it. Both cases *rejected* the argument that a sentencing court is required to dismiss an enhancement when one of the factors set forth in section 1385, subdivision (c)(2) apply. (*Anderson*, at pp. 239–240; *Mazur*, at p. 447.) The only reference to an "unauthorized sentence" in either case is in a footnote in *Anderson*, where the court noted it would consider the appellant's claim despite her failure to object below because *if* the appellant's interpretation of section 1385 were correct, it would have resulted in an unauthorized sentence. (*Anderson*, at p. 239, fn 7.) Notably, the *Anderson* court found the appellant's interpretation that the sentencing court was required to dismiss any enhancement beyond a single enhancement was *not* correct. (*Anderson*, at pp. 239–241.)

Appellant has failed to demonstrate any failing of his counsel resulted in prejudice. Even if appellant's counsel had invited the trial court to dismiss an enhancement under section 1385, there is not a reasonable probability based on the record that it would have done so.

First, as we have stated the trial court had the authority to dismiss enhancements under section 1385 on its own motion, and section 1385, subdivision (c) sets forth guidelines for when the court shall dismiss an enhancement. Here, while appellant could have invited the court to dismiss an enhancement under section 1385, and the court would have been required to consider evidence presented by appellant,[6] appellant has not pointed to what additional evidence he could have offered in support of dismissal under section 1385, subdivision (c)(2)(B) besides what was already before the court; that is, appellant would have simply drawn the court's attention to the fact that he was facing multiple enhancements, a fact of which the court was well aware.

Second, we have concluded as explained above that because the trial court imposed both enhancements, the court impliedly found dismissing one of the enhancements was not in the furtherance of justice and/or would have resulted in endangerment to the public. The comments and sentencing decisions the court made support this presumption and further supports our determination that it is not reasonably probable the court would have dismissed an enhancement if counsel had made such a request. In ruling that appellant was not eligible for probation, the court noted that appellant was a "violent person," appellant had graduated from multiple illegal gun possession cases to violence, and that "[t]his is not the situation where [appellant is] going to be rehabilitated, it's really more an issue of incapacitation for a period of time to

---

**6**      See *Carmony*, *supra*, 33 Cal.4th at p. 375 ["A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But [a defendant] does have the right to 'invite the court to exercise its power by an application …, and the court must consider evidence offered by the defendant ….' "].

11.

allow him *and society* an opportunity to be safe." (Italics added.) These comments indicate the court impliedly found there existed "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others" pursuant to section 1385, subdivision (c)(2). Additionally, the court imposed the upper term on all base terms and enhancements, indicating it necessarily found that the aggravating circumstances present in appellant's case justified the imposition of a four-year term as opposed to a three-year term on the principal term, as well as a 10-year term as opposed to a four-year term on the firearm enhancement. (See §§ 1170, subd. (b)(2), 245, subd. (a)(2), 12022.5, subd. (a).) This further supports that the court was not inclined to find dismissing an enhancement would be in the furtherance of justice by reducing appellant's sentence by three to 10 years by striking one of the enhancements.

For the above reasons, we find no reversible error.

## DISPOSITION

The judgment is affirmed.